## IN THE MATTER OF THE ESTATE OF SAMUEL GOLDSTEIN, DECEASED.

Argued June 4, 1951—Reargued June 11, 1951—
Decided June 18, 1951.

*Mr. Abraham J. Slurzberg* argued the cause for the appellant.

*Mr. Milton Rosenkranz* argued the cause for the respondent.

PER CURIAM. This is an appeal from an order of the Hudson County Court denying an application of the appellant, Irven Joseph, one of the executors of the estate of the deceased, to correct a judgment previously entered so as to make allowance to him for attorney's fees. The appeal, taken to the Appellate Division of the Superior Court, has been certified here on our own motion.

The decedent, Samuel Goldstein, named four individuals and a trust company as executors of his will, Joseph being one of those so named. Upon their qualifying the executors selected as their attorney the lawyer suggested by the deceased in his will, and he represented the executors during their administration of the estate which extended over a period of approximately three years. In March, 1950, preparatory to filing their first and final account, the five executors met in conference with their attorney in order to consider, among other things, the amount of fees and allowances for which they would make application to the court and the allocation thereof. Thereafter and pursuant to the agreement unanimously arrived at, the five executors filed their first and final account and made application for the fees and allowances they had agreed upon. After the filing of the account, but prior to April 28, 1950, the date set for the hearing, Joseph advised the attorney for the executors and Abraham H. Sles, one of his co-executors, that he was dissatisfied with the amount of the fees and allowances apportioned to him under the agreement. As a result of this action on the part of Joseph, Sles served notice, also returnable on April 28, 1950, requesting the court to make the apportionment.

At the hearing on the settlement of the account and on the application for fees and allowances and their apportionment, the parties interested in the estate appeared either by attorney

or in person, and either submitted affidavits or orally presented to the court the facts as to the services which they had rendered to the estate together with their arguments as to the amount of the allowances to which they considered themselves entitled. Abraham J. Slurzberg announced to the court that he had been engaged by Joseph to represent him in the proceedings and to make such objections to the allowances applied for as would seem justifiable. Slurzberg thereupon proceeded to argue in opposition to all of the allowances applied for by others, although he admitted that he had not had an opportunity to examine the account until the day before the hearing, that he had not examined the records in the case, that he had neither read the various affidavits of services submitted by the other applicants nor was he informed as to the services they had rendered. At the conclusion of the hearing, nonetheless, Slurzberg made application for an allowance of attorney's fees for himself in the following words:

"If Your Honor feels I have contributed anything you may consider this my application for a counsel fee."

On May 24, 1950, judgment was entered settling the account and granting allowances, though not in the amounts requested, but the order of the court was silent as to any allowance of counsel fees to Joseph on account of the services rendered by Slurzberg. Later Joseph made application to the court for a modification of its judgment so as to award him an allowance of $750 by way of counsel fees. From the denial of this application Joseph appealed.

On this appeal Joseph contends that by the retention of Slurzberg he saved the estate $12,350 (the amount by which the allowances granted differed from the allowances requested) and that as one of the five executors he had a right to be represented by independent counsel. He asserts that the court below should have granted an allowance to him for counsel fees and that the $750 requested was a reasonable amount in view of the savings to the estate and the time and effort expended by Slurzberg. We find it impossible to agree

with these contentions but, on the contrary, consider that Joseph has completely failed to demonstrate that he is entitled to reimbursement from the estate for any expenses he may have incurred by retaining independent counsel.

It is to be observed that Joseph retained Slurzberg to contest the allowances of fees and their apportionment after he had agreed at a meeting of all the executors on the allowances to be applied for and their apportionment. His employment of Slurzberg, it would appear, was solely for the purpose of securing for himself a greater percentage of the allowances than he had previously agreed would be his, rather than for the purpose of saving the estate money. The record is absolutely devoid of any indication that the allowances made by the court were less than those requested because of the efforts of Slurzberg. Indeed, it would seem that his representation at the hearing on April 28, 1950, which constituted the sum total of his services rendered in the cause, was completely ineffective, for he demonstrated to the court at the time that he was totally unfamiliar with the case. How arguments so obviously made without knowledge of the facts could have been persuasive upon the court below is difficult to perceive. Moreover, the very words with which Slurzberg made his oral application for a counsel fee reveal quite clearly that even in his own mind there was doubt as to whether he had made any contribution to the matter in hand.

We do not find it necessary here to pass upon the question of when one of several executors is entitled to employ independent counsel at the expense of the estate, for in our opinion the court below was entirely justified in refusing to make any allowance of counsel fees to Joseph on the basis that Slurzberg by his appearance at the hearing did not contribute anything of value.

The order appealed from is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For reversal*—None.